ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 1 2005

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HENNESSEY HUNT,                      )
    Plaintiff,                       )
                                     )
                                     )
v.                                   )          3:05-CV-0035-R
                                     )
DOUGLAS DRETKE, et al.,              )
    Defendants.                      )


FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in

implementation thereof, this case has been referred to the United States Magistrate Judge. The

findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his

signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights complaint brought by a state inmate pursuant to 42

U.S.C. § 1983.

Parties: Plaintiff is currently confined at the Clements Unit of the Texas Department of

Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Amarillo, Texas.

Defendants are TDCJ-CID Director Douglas Dretke, Captain T. Moore, and Correctional

Officers M. Maes and Saliya Hernandez. The court has not issued process in this case.

Statement of Case: The complaint alleges Defendants lost some of Plaintiff's personal

property while he was in solitary confinement from August 25, 2004, until November 22, 2004.

Plaintiff requests that Defendants replace the lost items, and that he be transferred to another

prison.[1]

Findings and Conclusions: Contemporaneously with the filing of the complaint, Plaintiff

submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The

Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. §

1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected

by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike"

provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if

on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in

federal court which were dismissed, either by a district court or appellate court, as being

frivolous, malicious, or for failing to state a claim.

A review of the U.S. Party Case Index reflects that Plaintiff filed numerous *in forma

pauperis* actions in the Northern District of Texas while incarcerated as a prisoner. Three of

these actions have been dismissed with prejudice as frivolous. See Hunt v. Shirey, et al., 2:97cv

338 (N.D. Tex., Amarillo Div., Dec. 29, 1998) (dismissed with prejudice as frivolous); Hunt v.

Anderson, 5:97cv379 (N.D. Tex, Lubbock Div., Nov. 25, 1997) (dismissed as frivolous with

strike); and Hunt v. TDCJ-ID, et al., 2:02cv0019 (N.D. Tex., Amarillo Div., Sept. 14, 2004,

dismissed as frivolous and for failure to state a claim). Plaintiff appealed from the judgments

dismissing Nos. 5:97cv0379 and 2:02cv0019. The first appeal was affirmed, whereas the second

was dismissed for want of prosecution.

---

[1]     Plaintiff also requests restoration of lost good-time credits and line class status,
forfeited as a result of a disciplinary action. Such claims are cognizable only in a habeas corpus
action. A review of this court's docket sheets and the U.S. Party Case Index reflects that
Plaintiff is presently litigating a habeas corpus action challenging three disciplinary violations
from August 25, 2004. See Hunt v. Dretke, 2:05cv21 (N.D. Tex., Amarillo Div.).

When a district court or circuit court dismisses a case or an appeal as frivolous or for failure to state a claim, such a dismissal counts as a "strike" under § 1915(g) once the judgment becomes final. See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). A district court's dismissal is final when the prisoner has exhausted avenues of appeal or has waived any appellate rights. Id.; Patton v. Jefferson Correctional Ctr., 136 F.3d 458, 462 (5th Cir. 1998).

Applying Adepegba to Plaintiff's prior *in forma pauperis* actions described above, it is clear that he has three "strikes" under § 1915(g). Plaintiff accumulated one "strike" for each of the three actions filed in the Northern District of Texas while he was confined as an inmate. The district court dismissed each of these actions as legally frivolous and/or for failure to state a claim.

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury." Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998). The complaint in this case presents no claim that Plaintiff was in danger of physical injury at the time he filed this action. See Carson v. Johnson, 112 F.3d 818, 822-823 (5th Cir. 1997); Adepegba, 103 F.3d at 388. See also Banos v. O'Guin, 144 F.3d 883 (5th Cir. 1998).

Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should bar Plaintiff from proceeding *in forma pauperis*, and give him an opportunity to pay the full filing fee of $150.00 or his action will be dismissed as barred by three strikes. See Adepegba, 103 F.3d at 388.[2]

---

[2]   Although the filing fee was raised to $250.00 effective February 7, 2005, the court will apply the filing fee in effect on the date Plaintiff filed suit.

3

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court enter an order denying Plaintiff's motion for leave to proceed *in forma pauperis* pursuant to the three-strike provision of 28 U.S.C. § 1915(g), and directing that this action be dismissed as barred by three strikes unless Plaintiff tenders the $150.00 filing fee within 30 days of the District Court's order.

Insofar as Plaintiff requests restoration of lost good-time credits and line class status, his claims should be dismissed without prejudice to them being reasserted in a habeas corpus action.

A copy of this recommendation will be mailed to Plaintiff Hennessey Hunt, #619672, TDCJ, Clements Unit, 9601 Spur 591, Amarillo, Texas 79107-9606.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.