**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HENNESSEY HUNT, #619672,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-0035-R** |
| | ) | |
| **DOUGLAS DRETKE, et al.,** | ) | |
| **Defendants.** | ) | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court filed

on April 20, 2005, this case has been re-referred to the United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his

signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

The complaint alleged Defendants lost some of Plaintiff's personal property while he was

in solitary confinement from August 25, 2004, until November 22, 2004.  Plaintiff requested that

Defendants replace the lost items, and that he be transferred to another prison.

On March 1, 2005, the magistrate judge filed findings recommending that Plaintiff's

motion for leave to proceed *in forma pauperis* be denied pursuant to the three-strike provision of

28 U.S.C. § 1915(g).  This matter was re-referred to the undersigned for further proceedings in

light of claims of imminent danger of physical injury alleged in Plaintiff's objections filed on

March 14, 2005, and in his motion for extension to pay the filing fee, filed on April 14, 2005.

On May 11, 2005, the magistrate judge issued a questionnaire to Plaintiff asking him to identify

all facts upon which he relied to establish that at the time of mailing his complaint on or about

December 30, 2004, he was under imminent danger of serious physical injury.  Plaintiff filed his

answer to the questionnaire on May 26, 2005.

In support of his claim of imminent danger of physical injury, Plaintiff seeks to rely on

two assaults by fellow inmates which took place in December 2004, shortly before he mailed the

complaint in this case.  (Answer to Question 1 of the Magistrate Judge's Questionnaire).  He

alleges the first assault occurred at least in part because of animosity created as a result of the

property loss alleged in this case.  (Id.).  The second assault is wholly unrelated to this case.

(Id.).  Plaintiff concedes that he was stabbed by his new cell mate with a broken piece of an hot

pot plate.  (Id.).

Regardless of the reason for each of the above assaults, they are wholly unrelated to the

incidents which occurred four months earlier and which allegedly led to the loss of property at

issue in this case.  As a result, the court concludes that Plaintiff cannot present a claim that he

was in danger of imminent danger of serious physical injury at the time of filing the complaint.

Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny Plaintiff's

motion for leave to proceed *in forma pauperis*, filed on January 3, 2005 (docket #2), and that it

dismiss this action as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders

the $150.00 filing fee to the District Clerk within ten (10) days of the filing of this

recommendation.[1]

It is further recommended that the District Court deny Plaintiff's motion to extend the time to pay the filing fee, filed on April 14, 2005 (docket #6).

A copy of this recommendation will be mailed to Plaintiff Hennessey Hunt, #619672, TDCJ, Clements Unit, 9601 Spur 591, Amarillo, Texas 79107-9606.

Signed this   22  , day of  June, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1]     At the time of filing this action on January 3, 2005, the fee for filing an action in the district court had not yet increased to $250.00.